UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILL JONES** : | **DOCKET NO. 20-cv-0029** |
| REG. # 30335-076 | **SECTION P** |
| **VERSUS** : | **JUDGE JAMES D. CAIN, JR.** |
| **R. MYERS** : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Will Jones. Jones is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

### I.
#### BACKGROUND

Jones brings this petition seeking expungement of a prison disciplinary proceeding involving a cell phone that took place at FCIO and resulted in a loss of 41 days of good time credit, a loss of 180 days of phone privileges, a loss of 120 days of commissary privileges and 30 days in disciplinary segregation. Doc. 1-2, p. 4. He brings the instant habeas petition claiming to be held improperly in the following particulars: (1) the Disciplinary Hearing Officer ("DHO") and investigating staff failed to follow their procedures (specifically that the DHO and investigating staff "[f]ailed to inform within 24 hours of incident," that the investigating officer was the reporting officer, the DHO was no impartial, and requested evidence was not provided); (2) a violation of the Freedom of Information Act, 5 U.S.C. § 552 (specifically that he was entitled to receive investigative reports and a copy of a lab summary used to substantiate the incident report, which he did not receive); (3) his Fifth, Sixth, Eight, and Fourteen amendment rights were violated (no

specifics given); and (4) he is actually innocent on the merits. *Id*. at p. 5-6. Accordingly, he seeks restoration of his good time credits and privileges and expungement of the charge.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Applicable Law*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good-time credit. *See,*

*e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013). Thus, because a loss of good-time credits is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review.

### *1. Miscellaneous Sanctions*

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*; *compare Sandin v. Conner*, 115 S. Ct. 2293, 2301 (1995) (no liberty interest protecting against a 30 day period of disciplinary segregation) with *Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005) (indefinite disciplinary segregation was an atypical punishment implicating the Due Process Clause).

Because the disciplinary segregation and phone and commissary sanctions do not implicate a protected liberty interest, Jones cannot show that he is entitled to habeas corpus relief from these forms of punishment.

### *2. Loss of Good Time Credits*

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the

ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

### 3. *Missing Documentation*

As detailed above, Jones maintains that the prison disciplinary proceeding failed to comport with the requirements of due process. However, he fails to provide a copy of the DHO report. We require this report to determine, in conjunction with Jones' allegations, if minimum procedural safeguards were met or if there is any merit to his claims.

## III.
### CONCLUSION

For the reasons stated above, Jones must amend his complaint by providing a copy of the report from the challenged DHO proceedings.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Jones at his last address on file.

**IT IS ORDERED** that Jones amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Jones is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE this 21st day of February, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE