## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILL JONES** | : | **DOCKET NO. 20-cv-0029** |
| REG. # 30335-076 | | SECTION P |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **R. MYERS** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [doc.1] by pro se petitioner Will Jones. Jones is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

Following an initial screening, the Court ordered the petitioner to provide a copy of the Disciplinary Hearing Officer's (DHO) report. On March 6, 2020, Jones filed an amended petition, providing the Incident Report, Inmate Rights at Discipline Hearing, Notice of Discipline Hearing, and the DHO report. Doc. 5.

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

# I.
## BACKGROUND

Jones brings this petition seeking expungement of a prison disciplinary proceeding involving a cell phone that took place at FCIO and resulted in a loss of 41 days of good time credit, a loss of 180 days of phone privileges, a loss of 120 days of commissary privileges and 30 days in disciplinary segregation. Doc. 1-2, p. 4. He brings the instant habeas petition claiming to be held improperly in the following particulars: (1) the Disciplinary Hearing Officer ("DHO") and investigating staff failed to follow their procedures (specifically that the DHO and investigating staff "[f]ailed to inform within 24 hours of incident," that the investigating officer was the reporting officer, the DHO was not impartial, and requested evidence was not provided); (2) a violation of the Freedom of Information Act, 5 U.S.C. § 552 (specifically that he was entitled to receive investigative reports and a copy of a lab summary used to substantiate the incident report, which he did not receive); (3) his Fifth, Sixth, Eight, and Fourteen amendment rights were violated (no specifics given); and (4) he is actually innocent on the merits. *Id*. at p. 5-6. Accordingly, he seeks restoration of his good time credits and privileges and expungement of the charge.

# II.
## LAW & ANALYSIS

### A. *28 U.S.C. § 2241*

A 28 U.S.C. § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana*

*v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

The record reveals that petition received all due process due under *Wolff*. Petitioner was notified of the charges against him on July 10, 2019, in written incident report #3277363. Doc. 5-1, p. 1. On July 17, 2019, he was provided a copy of the Notice of the Discipline Hearing and a copy of the Inmate Rights at the Discipline Hearing, both of which petitioner signed on that date. *Id*. at pp. 2-3. The DHO hearing was held on July 19, 2019. Based on the foregoing, petitioner received sufficient notice of the charges against him, more than twenty-four hours before the DHO hearing.

The record also reveals petitioner was afforded the opportunity to appear, make a statement, call witnesses, and present rebuttal evidence. The DHO report dated July 19, 2019, states the following:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You did not request any witnesses, and you declined

> the services of a staff representative to assist you at the hearing. You indicated to the DHO you were ready to proceed with the hearing.

*Id*. at p. 4.

Finally, petitioner was provided a written statement of the DHO's findings on August 16, 2019. *Id*. at p. 6.

Therefore, the only determination left is whether there was "some evidence" presented upon which a reasonable, impartial adjudicator could rely to find that petitioner committed the prohibited act of possession of an electronic device (cell phone) in violation of 199 ML 108. The DHO report outlines the evidence relied upon by the DHO and the reasons for reaching this decision. Specifically, on January 31, 2019, staff recovered a cell phone in possession of an inmate, which was sent to the Federal Bureau of Prisons Forensic Laboratory in Washington D.C. for analysis. *Id*. at p. 5, ¶ V. Staff observed petitioner's authorized contact number on the report issued by the lab, which depicted seven outgoing calls to that contact number. *Id*. Petitioner is the only inmate housed at FCIO with the number as an authorized phone number. *Id*. During the DHO hearing, the petitioner stated, "I never had possession of the phone. I gave my number to the guy to three way. I didn't know he was going to call on a cell phone." *Id*. The DHO considered this statement and found that, although he argued the phone was not in his possession, he did admit to giving the phone number to another inmate to make a three-way call. Therefore, his conduct was considered disruptive most like being in possession of a cell phone and when the call was made from the contraband cell phone to his authorized contact number, his behavior was disruptive most like possession of a cell phone. *Id*. Therefore, based on the evidence, the testimony presented, and the significance of the prohibited act, the DHO found that petitioner committed the prohibited act and would be sanctioned. *Id*.

Accordingly, it cannot be said there was no evidence to support the DHO's findings; rather, the evidence is sufficient to sustain a disciplinary conviction. Therefore, petitioner fails to show a right to federal habeas relief.

### III.
### CONCLUSION

For the reasons stated above, Jones' petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 20th day of March, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE